
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIU RONG WANG, | No. 14-73316 |
| Petitioner, | Agency No. A088-128-359 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2018[**]
Pasadena, California

Before:  GRABER and HURWITZ, Circuit Judges, and KORMAN,[***] District Judge.

Petitioner Qiu Rong Wang, a native and citizen of China, petitions for

review of an order by the Board of Immigration Appeals ("BIA") dismissing her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

appeal of an immigration judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.  We deny the petition.

1.  Substantial evidence supports the conclusion that Petitioner did not testify credibly.  See Li v. Holder, 559 F.3d 1096, 1102 (9th Cir. 2009) (stating standard).  Petitioner's testimony before the IJ was inconsistent and conflicted with her written declarations in several respects, including when she lived at her aunt's home, when she had her first IUD removed, and the year of her second alleged forced abortion.  In citing those discrepancies as the basis for the credibility determination, the IJ supplied "specific and cogent reasons" to find Petitioner's testimony incredible, and the inconsistencies do not constitute "mere trivial error." Shrestha v. Holder, 590 F.3d 1034, 1044 (9th Cir. 2010) (quoting Malkandi v. Holder, 576 F.3d 906, 917 (9th Cir. 2009)).

2.  The IJ did not err by failing to provide Petitioner with notice that her corroborative evidence was insufficient.  Such notice, discussed in Ren v. Holder, 648 F.3d 1079, 1091–92 (9th Cir. 2011), is not required here because the IJ determined that Petitioner's testimony was not credible.  Yali Wang v. Sessions, 861 F.3d 1003, 1008–09 (9th Cir. 2017).

Petition **DENIED.**